WALTER GROLING et al., Appellants, v. WILLIAM S. WARNER et al., Respondents.— In an action to recover damages for injuries to person and property suffered as a result of a collision of automobiles, judgment entered on the verdict of a jury in favor of defendants unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

■

THOMAS GRUBER et al., Appellants, v. EDWARD ADEIKIS, Respondent, et al., Defendants.— In this action to recover damages for personal injuries, expenses and property damage, plaintiffs appeal from an order of the Appellate Term, which reversed a judgment of the City Court of the City of New York, County of Queens, in favor of plaintiff Margaret Gruber for the sum of $1,000, and of plaintiff Thomas Gruber for the sum of $2,000, together with costs, rendered after trial, upon the verdict of a jury, and dismissed their complaint. Order reversed on the law and the facts, with costs to appellants in this court and in the Appellate Term, and the said judgment of the City Court of the City of New York affirmed. In our opinion, an inference of negligence on the part of the driver of respondent's automobile could fairly be drawn from the evidence adduced; and the verdict in favor of appellants was neither contrary to the evidence nor excessive. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

■

In the Matter of GEORGE D. FRIOU, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.—In a proceeding pursuant to article 78 of the Civil Practice Act, the State Rent Administrator appeals from so much of a resettled order as (1) annuls an order of said Rent Administrator denying petitioner's protest against an order theretofore issued by a local rent administrator which fixed the maximum legal rent for a certain housing accommodation; and (2) remits the matter to the State Rent Administrator for further consideration and review. Order, insofar as appealed from, affirmed, without costs. It does not appear that the Rent Administrator has made any determination as to whether in fact the apartment in question was subject to rent control prior to its rental in 1945; whether the registration in 1943 was in error; and whether there was any registration of the apartment following the said rental in 1945. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.